**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **TROY K. WRIDE, an individual,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **WELLS FARGO BANK, N.A., a national association, d.b.a. WELLS FARGO HOME MORTGAGE;** <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER** <br><br><br> **Case No. 2:14cv00451-PMW** <br><br> **Magistrate Judge Paul M. Warner** |

Before the court is Wells Fargo Bank's ("Defendant") motion for judgment on the pleadings.[1]  The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## I.   BACKGROUND

Plaintiff's complaint alleges that Defendant hired Plaintiff on or about September 10, 2010 as a Loan Document Specialist ("Specialist").[2]  Around December 2013, Plaintiff applied for a new position with Defendant as an Area Processing Manager ("APM").[3]  Plaintiff did not receive the APM position, but was advised of another open job position with Defendant as a

---

[1] Docket no. 16.

[2] Docket no. 2-1 at 5.

[3] *Id.*

Home Mortgage Consultant ("HMC").[4]   Plaintiff discussed the HMC position with Daniel Taylor, a sales manager for Defendant.[5]   Before applying for the HMC position, Plaintiff knew that he likely could not pass a background check, and alleges that he "made it expressly clear that he would only consider the transition to an HMC if . . . Wells Fargo would not require Mr. Wride to re-pass his background and credit checks."[6]   "After a few days, Mr. Taylor informed Mr. Wride that Ms. Morris, Mr. Faulk, and Ms. Walker indicated that Mr. Wride had nothing to worry about and could move forward with the application process."[7]

Thereafter, Plaintiff received a February 26, 2014 offer letter (the "Offer Letter") from Mr. Taylor Plaintiff regarding the HMC position.[8]   Plaintiff signed the letter to accept the terms of the Offer Letter on March 13, 2014.[9]   The Offer Letter states that it is *not* an employment contract and that the offer of employment is subject to Plaintiff passing required background checks and complying with regulatory requirements:

> *This offer of employment is not intended to, nor does it constitute a contract of employment.*  Should you accept this offer, your employment with Wells Fargo Home Mortgage is on *an at-will basis.  This offer of employment is contingent upon satisfactory completion of the following: a background check*, HUD check, Secondary Market Investors Exclusionary List Check, [and] Application of Employment and Employment Reference Check. . . . This offer is contingent upon successful completion of a background investigation, including fingerprinting and required regulatory reviews.  *You also must meet ongoing regulatory and compliance requirements*, including any   additional   screening   and   required

---

[4] *Id.*

[5] *Id.* at 6.

[6] *Id.*

[7] *Id.*

[8] Docket nos. 2-1 at 7 and 19-1 .  Plaintiff discusses the Offer Letter in his complaint, and attached a copy as part of his opposition to the current motion.

[9] Docket no. 19-1.

reporting of certain incidents. . . . *[T]his offer is contingent upon the results of your background investigation* which includes fingerprinting, required regulatory reviews and any ongoing screenings for continued employment. . . . The terms of this offer are intended to comply with the requirements that may apply under any applicable law . . . . The above terms and conditions, including the applicable Wells Fargo Home Mortgage Compensation Plan, may be amended, modified or terminated in Wells Fargo's sole discretion *at any time for any reason with or without notice.* Additionally, *the terms of your compensation may change in connection with legal and regulatory environment changes* impacting mortgage lenders and compensation to Home Mortgage Consultant.

(emphasis added).[10]

On March 17, 2014, Plaintiff began working as an HMC.[11]  Later that month, Defendant advised Plaintiff that new financial reform laws and regulations that went into effect in January 2014 required that Plaintiff pass a background and credit check to hold the HMC position.[12] Plaintiff's complaint states that the new legal requirements "came as *a complete shock* to Mr. Wride *and his supervisors.*"[13]

Shortly thereafter, Brian Smith, a Defendant employee, informed Plaintiff that he had not passed the credit check and could not continue as an HMC.[14]  Plaintiff's prior supervisor expressed a willingness to have Plaintiff return as a Specialist, but a few days later Mr. Smith advised Plaintiff that Defendant could not return to his position as a Specialist, again due to the new legal requirements.[15]

---

[10] Docket no. 19-1.

[11] Docket no. 2-1 at 8.

[12] *Id.* at 8-9.

[13] *Id.* at 9 (emphasis added).

[14] *Id.* at 10.

[15] *Id.* at 10-11.

Plaintiff filed suit alleging breach of contract, breach of implied covenant of good faith and fair dealing, fraudulent inducement/fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel and/or detrimental reliance.  Defendant filed the current motion for judgment on the pleadings.[16]

## ANALYSIS

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).  The court applies the same standard to a motion for judgment on the pleadings as to a motion to dismiss under Rule 12(b)(6).  *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (noting courts "use the same standard when evaluating 12(b)(6) and 12(c) motions").  For such motions, a court must "accept all the well-pleaded allegations of the complaint as true and construe them in a light most favorable to plaintiff."  *David v. City & County of Denver*, 101 F.3d 1344, 1351 (10th Cir. 2002).

The court must also "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).  "[A] complaint must contain sufficient factual matter, accepted as true, . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In determining facial plausibility, courts "disregard conclusory statements," *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012), and need not accept as true legal conclusions, *Iqbal*, 556 U.S. at 678.

Accepting Plaintiff's allegations in the complaint as true and construing them in a light most favorable to him, the court finds that Defendant is entitled to judgment on the pleadings.

---

[16] Docket no. 16.

**A. The Breach of Contract and Implied Covenant of Good Faith and Fair Dealing Causes of Action**

To constitute a breach of contract, (1) a contract must exist, (2) the party seeking recovery must be performing his or her part of the contract, (3) the other party must breach the contract, and (4) damages must result from the breach of the contract. *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388, 392. A properly pled breach of contract claim must provide "fair notice of what the . . . claim is, and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Utah law presumes 'that all employment relationships entered into for an indefinite period of time are at-will, which means that an employer may terminate the employment for any reason (or no reason) except where prohibited by law.'" *Nelson v. Target Corp.*, 2014 UT App 205, ¶ 17, 334 P.3d 1010, 1016 (citing *Tomlinson v. NCR Corp.,* 2013 UT App 26, ¶ 29, 296 P.3d 760)).

Here, Plaintiff's breach contract cause of action fails for a number of reasons. The complaint fails to allege what constitutes the purported contract, the essential terms of the contract, or Defendant's conduct that breached the contract. Plaintiff effectively admitted this point by submitting the Offer Letter as part of its opposition. However, the Offer Letter further undermines Plaintiff's position. The Offer Letter states that it is *not* an employment contract, that the offer is contingent upon the satisfactory completion of a background check, that employment with Wells Fargo would be on an at-will basis, and that the employment is contingent on continued compliance with all applicable regulatory requirements.[17] Plaintiff cannot plead around his own admission that the employment between Plaintiff and Defendant was at-will and subject to termination at any time, and that Plaintiff was aware that passage of the background check was a requirement. *See Hamilton v. Parkdale Care Ctr., Inc.,* 904 P.2d

---

[17] Docket no. 19-1.

1110, 1112 (Utah Ct. App.1995) (finding "a clear and conspicuous disclaimer in an employee handbook negates an employee's contention that the employment relationship is other than at will").

Likewise, Plaintiff's implied covenant of good faith and fair dealing cause of action fails. "Under the covenant of good faith and fair dealing, both parties to a contract impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contract." *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 967 (Utah 2008). "[T]his covenant cannot be read to establish new, independent rights or duties to which the parties did not agree ex ante. . . . [and] cannot create rights and duties inconsistent with express contractual terms." *Oakwood Vill. LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 45, 104 P.3d 1226, 1240.

Defendant's termination of Plaintiff, pursuant to the express terms of the Offer Letter, did not do anything to injure the other party's right to receive the benefits of the contract. Moreover, the implied covenant of good faith and fair dealing cannot be construed in a manner completely inconsistent with the terms of the contract, or to change an at-will employment contract into one that requires an employer to have good cause to justify a discharge. *Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 55 (Utah 1991). Defendant could discharge Plaintiff "for any reason, or no reason at all, at any time," *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 400 (Utah 1998) (emphasis added), and Plaintiff fails to allege any bad faith in terminating Defendant. Both parties agreed in the Offer Letter that employment was contingent on the "satisfactory completion of . . . a background check,"[18] and Plaintiff admits he was unable to pass the background check. Plaintiff does not dispute that the law requires him to pass the background check to hold the HMC position or to return to his position as a Specialist.

_____

[18] *Id.*

6

For the foregoing reasons, Plaintiff's breach of contract and implied covenant of good faith and fair dealing causes of action fail.

**B. The Promissory Estoppel and/or Detrimental Reliance Cause of Action**

Under Utah law, the elements of promissory estoppel are:

(1) The promisee acted with prudence and in reasonable reliance on a promise made by the promisor; (2) the promisor knew that the promisee had relied on the promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person; (3) the promisor was aware of all material facts; and (4) the promisee relied on the promise and the reliance resulted in a loss to the promisee.

*Lantec, Inc. v. Novell, Inc.,* 306 F.3d 1003, 1020-21 (10th Cir.2002) (citing *J.R. Simplot Co. v. Sales King Int'l, Inc.,* 17 P.3d 1100, 1107 (Utah 2000)). The promise must be reasonably clear and definite. *Id.* at 1021. "[A] promisee must support a promissory estoppel claim with more than a subjective understanding of the promisor's statements." *J.R. Simplot v. Sales King Int'l, Inc.,* 2000 UT 92 ¶ 29, 17 P.3d 1100.

Plaintiff's promissory estoppel claim fails as a matter of law. Plaintiff does not allege clear and definite promises by Defendant. Plaintiff's purported reliance on general statements by Defendant's employees about the need for a credit check—especially after accepting the terms of the Offer Letter—was not prudent or reasonable. Prior to applying, Plaintiff knew that he likely would be required to pass a credit check and could not pass that check. Even more problematic for Plaintiff is that the general statements allegedly relied on by him were directly contradicted by express written terms in the Offer Letter, and Plaintiff signed the Offer letter accepting those terms.[19] "When a party knows or should have known reliance would be in error, the party cannot reasonably rely on the misrepresentation as a matter of law." *Youngblood v. Auto-Owners Ins. Co.*, 158 P.3d 1088, 1095 (Utah 2007).

---

[19] Docket no. 19-1 at 4.

Finally, Plaintiff admits that Defendant was not aware of all material facts when his supervisors made the statements—Plaintiff states that "it came as *a complete shock* to [Plaintiff] *and his supervisors*" when it was determined that new regulations required Plaintiff's passing a background check.[20]

There is no indication that Plaintiff relied on or took any action based on assurances that he could return to his Specialist job if he did not pass the credit check, since Plaintiff alleges that the assurances were given after Plaintiff started as an HMC.[21]

Accordingly, Plaintiff's promissory estoppel cause of action fails as a matter of law.

## C. The Fraudulent Inducement, Fraudulent Misrepresentation, and Negligent Misrepresentation Causes of Action

"[C]ircumstances constituting fraud or mistake [must] be stated with particularity." Utah R. Civ. P. 9(b); *see also Franco v. The Church of Jesus Christ of Latter-day Saints*, 2001 UT 25, ¶ 36, 21 P.3d 198, 208.  For *prima facie* case of fraud under Utah law, a Plaintiff must establish:

> (1) That a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act: (9) to his injury and damage.

*Sys. W. Performance, LLC v. Farland*, No. 2:14-CV-00276-DN-BCW, 2015 WL 4920962, at *9 (D. Utah Aug. 18, 2015).

Under Utah law, negligent representation is defined as follows:

> Where (1) one having a pecuniary interest in a transaction, (2) is in a superior position to know material facts, and (3) carelessly or negligently makes a false representation concerning them, (4) expecting the other party to rely and act

---

[20] Docket no. 2-1 at 9 (emphasis added).

[21] Docket no. 2-1.

thereon, and (5) the other party reasonably does so and (6) suffers loss in that transaction, the representor can be held responsible if the other elements of fraud are also present. [Subdivisions added.]

*Christenson v. Commonwealth Land Title Ins. Co.*, 666 P.2d 302, 305 (Utah 1983); *see also Hafen v. Strebeck*, 338 F. Supp. 2d 1257, 1264 (D. Utah 2004).

Each of Plaintiff's remaining claims requires Plaintiff to establish that he reasonably relied on Defendant's false statements of material fact. *See Rohr v. Allstate Fin. Servs.*, 529 F. App'x 936, 939 (10th Cir. 2013); *Daines v. Vincent*, 190 P.3d 1269, 1279 (Utah 2008) (fraudulent inducement requires a plaintiff to show that he "act[ed] reasonably and in ignorance of [a representation's] falsity" (quotation omitted)); *Olsen v. Univ. of Phoenix*, 244 P.3d 388, 390 (Utah Ct. App. 2010) (negligent and fraudulent misrepresentation claims require "reasonable reliance"). Reasonable reliance may be decided as a matter of law when "there is no material fact question about [plaintiff's] reasonable reliance." *Anderson v. Larry H. Miller Commc'ns Corp.*, 284 P.3d 674, 680 (Utah Ct. App. 2012).

Plaintiff's complaint alleges two purported representations which Plaintiff relied upon: (1) that Plaintiff was not required to once again undergo and pass background, credit, and/or finance fitness checks as a condition of employment as an HMC; and (2) that Plaintiff could continue his employment as a Specialist, if for some reason the HMC position did not work after applying for and/or accepting the HMC position.

As to the first representation, Plaintiff knew prior to any statements by Defendant that applying for the HMC position likely required a new background check and that he likely could not pass such a check.[22] After the purported statements by Defendant, Plaintiff accepted the terms of the Offer Letter, which states that employment was contingent on the "satisfactory

---

[22] *See* docket no. 2-1.

9

completion of . . . a background check."[23]   Thus, when Plaintiff accepted the Offer Letter, he indisputably knew that a background check was required, and any continued reliance on prior contrary representation was unreasonable.   "If a party learns that the representation is not accurate, continued reliance on that representation is unreasonable."   *Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 45 (Utah 2003).

As discussed in relation with the other causes of action, Plaintiff cannot establish that he "relied" on Defendant's representations regarding returning to the Specialist position, since Plaintiff had already left for the HMC position when that accommodation was proposed.

Accordingly, Plaintiff's causes of action for fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation causes of action fail.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is **GRANTED.**

**IT IS SO ORDERED**.

DATED this 18th day of September, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[23] *See* docket no. 19.